IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Arlene R. Atherton,<br><br>      Plaintiff,<br><br>v.<br><br>Salt Lake City Police Department,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR LEAVE TO FILE ADDITIONAL EXHIBITS AND ORDERING THE FILING OF AN AMENDED COMPLAINT<br><br>Case No. 2:19-cv-00386-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin Pead |

This matter was referred to the undersigned in accordance with 28 U.S.C. §636(b)(1)(B). (ECF 4).  On June 3, 2019, the court granted *pro se* Plaintiff Arlene Atherton leave to proceed *in forma pauperis*.  (ECF 2).  Plaintiff's Complaint alleges that Defendant violated her civil rights under 42 U.S.C. § 1983 for, among other things, arresting her for trespassing after leaving the Hyatt House.  The case is presently before the court on two motions for leave to file additional exhibits.  (ECF 5, ECF 6).  The court will deny Plaintiff's motions for leave to file the exhibits because the court is ordering Plaintiff to file an amended complaint.  If relevant, the proposed additional exhibits may be attached to the amended complaint.  As set forth below the court orders Ms. Atherton to file an amended complaint that complies with the Federal Rule pleading requirements.

**BACKGROUND**

Plaintiff's complaint outlines a series of events involving the Salt Lake City Police Department.  Plaintiff was allegedly visiting the Hyatt House after submitting a supreme court case at the nearby post office.  After leaving the Hyatt House the police seized her property and arrested Plaintiff for trespassing.  Plaintiff alleges she lost some of her property during this

arrest, although it is unclear exactly what property was lost and whether it was eventually returned.  Plaintiff further asserts that there was some evidence tampering with her cell phone.

Plaintiff also cites to "bodily harm" in violation of 18 U.S.C. § 1501.  This section makes it unlawful for someone to knowingly and willfully obstruct, resist or "oppose any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States."  18 U.S.C. § 1501.  There is no evidence in Plaintiff's Complaint, however, that she is an officer of the United States or someone who is duly authorized to serve process.

Finally, the court notes the similarity of this complaint to the large number of complaints Plaintiff has filed in a very short time.  Since May of this year, Plaintiff has filed seven cases proceeding under 28 U.S.C. § 1915 in each of them.[1]  Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[R]epetitious litigation of virtually identical causes of action" may also be dismissed under § 1915 as frivolous or malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (internal quotation marks omitted); *see McWilliams v. State of Colo.* 121 F.3d 573, 574 (10th Cir. 1997) (affirming district court dismissal of § 1983 claims because they were duplicative); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative

---

[1] *See* Atherton v. Amtrak Railroad et al, case no. 2:19-cv-378 DAK-CMR; Atherton v. City of Glenwood Springs Co et al, case no. 2:19-cv-379 DB; Atherton v. Salt Lake City Police Department, case no. 2:19-cv-386 DB-DBP; Atherton v. Salt Lake City Police Department et al., case no. 2:19-cv-412 CW-PMW; Atherton v. Salt Lake City et al., case no. 2:19-cv-429 DB-PMW; Atherton v. Salt Lake City et al., case no. 2:19-cv-451 TS-CMR; and Atherton v. Salt Lake City Library et al., case no. 2:19-cv-452 CW-DBP.

complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), overruled in part on other grounds by *Taylor v. Sturgell,* 553 U.S. 880 (2008); *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or malicious). The court has briefly looked at the complaints in the other cases and notes they contain similar facts and allegations.

## DISCUSSION

### I.     The court will deny Plaintiff's motions for leave to file additional exhibits

Plaintiff has filed two motions seeking leave to file additional exhibits. In part, the proposed new exhibits duplicate what is already attached to Plaintiff's Complaint. For example, Plaintiff's booking sheet is already attached to her complaint and is a proposed additional exhibit. As such, the need to allow the filing of duplicative exhibits is questionable. Further, because the court is ordering Plaintiff to file an amended complaint, Plaintiff may attach these exhibits, if they are relevant, to her amended complaint.

### II.     The court orders Plaintiff to amend her complaint

In order to state a proper claim, federal rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (the complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief."). The requirements of federal rule 8(a) are further reinforced under rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Separately, a party must state the claims or defenses in numbered paragraphs. *See* Fed. R. Civ. P. 10(b). As explained by the Tenth Circuit, compliance with rule 8 requires that a pleading "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations show that plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) *citing Perington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d 1163 (10th Cir. 2007) (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.")

Plaintiff's complaint is comprised of a five-page free form narrative that is not much more than an "unadorned, the–defendant-unlawfully-harmed-me accusation" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which is insufficient. A pleading that offers "labels and conclusions" or tenders "naked assertion[s]" devoid of "further factual enhancement" is also insufficient. *Bell Atlantic Corp. v. Twombly et al.*, 550 U.S. 544, 555-557 (2007).

Adhering to the requirements of Rules 8 and 10 while liberally construing the Plaintiff's claims, the court finds Plaintiff's complaint fails to satisfy the basic pleading requirements. Given Plaintiff's *pro se* status and the nature of her factual allegations, however, the court cannot be certain that Plaintiff is unable to plead a cause of action and will thus afford her an opportunity to amend. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it

is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should [afford] leave to amend.") Accordingly, Plaintiff is directed to file an amended complaint as set forth in the order herein.

## **ORDER**

Accordingly, as set forth above, the court Orders as follows:

1.      Plaintiff's motions for leave to file additional exhibits are DENIED. (ECF 5, ECF 6); and

2.      Plaintiff, within twenty-one (21) days from the date of this order, shall file a second amended complaint that includes the following:

      a.  Numbered paragraphs setting forth her claims each as limited as afar as practicable to a single set of circumstances;

      b.  A short, plain statement of each cause of action including reference to the specific statute or legal right that was violated;

      c.  A short, succinct and specific factual allegation in support of each claim that are set forth in numbered paragraph form;

      d.  Identification of what each defendant did, and when;

      e.  Identification of how a defendant's conduct harmed the Plaintiff; and

      f.  Identification of any connection between any relevant exhibits and the specific claim alleged.

The court notifies Plaintiff that a failure to comply with Rules 8 and 10, as directed to do so herein, may result in recommendation to Judge Benson that the case be dismissed.

DATED this 30 September 2019.

                    _____

                    Dustin B. Pead
                    United States Magistrate Judge