IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Arlene R. Atherton,<br><br>Plaintiff,<br>v.<br><br>Salt Lake City Police Department,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00386-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin Pead |

This matter was referred to the undersigned in accordance with 28 U.S.C. §636(b)(1)(B). (ECF 4). On June 3, 2019, the court granted *pro se* Plaintiff Arlene Atherton leave to proceed *in forma pauperis*. (ECF 2). Plaintiff's Complaint alleges that Defendant violated her civil rights under 42 U.S.C. § 1983 for, among other things, arresting her for trespassing after leaving the Hyatt House. On September 30, 2019, the Court entered an order denying Ms. Atherton's motions for leave to file additional exhibits. (ECF 7). The Court further ordered Ms. Atherton to file an amended complaint within twenty-one days that meets the requirements of Federal Rule of Civil Procedure 8. To date, Plaintiff has failed to either file an amended complaint or seek leave to do so and the time to do so has passed. Therefore, the undersigned recommends this case be dismissed.

**BACKGROUND**

Plaintiff's complaint sets forth a series of events involving the Salt Lake City Police Department. Plaintiff was visiting the Hyatt House after submitting a supreme court case at the nearby post office. After leaving the Hyatt House the police seized her property and arrested Plaintiff for trespassing. Plaintiff avers she lost some of her property during this arrest, although

it is unclear from the Complaint exactly what property was lost and whether it was eventually returned. Plaintiff further asserts that there was some evidence tampering with her cell phone.

Additionally, Plaintiff points to "bodily harm" in violation of 18 U.S.C. § 1501. Section 1501 makes it unlawful for someone to knowingly and willfully obstruct, resist or "oppose any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States." 18 U.S.C. § 1501. Plaintiff offers no evidence, however, that she is an officer of the United States or someone who is duly authorized to serve process.

The Court notes the similarity of this complaint to the large number of complaints Plaintiff has filed in a very short time. Since May of this year, Plaintiff has filed seven cases proceeding under 28 U.S.C. § 1915 in each of them.[1] Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[R]epetitious litigation of virtually identical causes of action" may also be dismissed under § 1915 as frivolous or malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (internal quotation marks omitted); *see McWilliams v. State of Colo.* 121 F.3d 573, 574 (10th Cir. 1997) (affirming district court dismissal of § 1983 claims because they were duplicative); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative

[1] *See* Atherton v. Amtrak Railroad et al, case no. 2:19-cv-378 DAK-CMR; Atherton v. City of Glenwood Springs Co et al, case no. 2:19-cv-379 DB; Atherton v. Salt Lake City Police Department, case no. 2:19-cv-386 DB-DBP; Atherton v. Salt Lake City Police Department et al., case no. 2:19-cv-412 CW-PMW; Atherton v. Salt Lake City et al., case no. 2:19-cv-429 DB-PMW; Atherton v. Salt Lake City et al., case no. 2:19-cv-451 TS-CMR; and Atherton v. Salt Lake City Library et al., case no. 2:19-cv-452 CW-DBP.

complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), overruled in part on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or malicious). The court has briefly looked at the complaints in the other cases and notes they contain similar factual allegations.

**DISCUSSION**

Because the Court permitted Ms. Atherton to proceed in forma pauperis, her Complaint is governed by 28 U.S. C. § 1915, which requires the Court to "dismiss [her] case at any time" upon determining that she "fail[ed] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a proper claim, federal rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (the complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief."). The requirements of federal rule 8(a) are further reinforced under rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Separately the Rules require that a party must state the claims or defenses in numbered paragraphs. *See* Fed. R. Civ. P. 10(b).

As explained by the Tenth Circuit, compliance with rule 8 requires that a pleading "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations show that plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) *citing Perington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d 1163 (10th Cir. 2007) (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.")

Plaintiff's complaint is comprised of a five-page free form narrative that is an "unadorned, the–defendant-unlawfully-harmed-me accusation" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is insufficient. A pleading that offers "labels and conclusions" or tenders "naked assertion[s]" devoid of "further factual enhancement" is also insufficient. *Bell Atlantic Corp. v. Twombly et al.*, 550 U.S. 544, 555-557 (2007). Even construing Plaintiff's Complaint liberally does not save it from Section 1915 and Rule 8's pleading requirements. Ms. Atherton was given an opportunity to remedy the defects but has failed to do so. Accordingly, this case should be dismissed for failure to state a claim upon which relief may be granted.

**RECOMMENDATION**

Accordingly, as set forth above, the Court RECOMMENDS that this matter be dismissed.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 4 November 2019.

______________________________
Dustin B. Pead
United States Magistrate Judge